Court order filed October 13, 2000 (superseding
order of September 21, 2000) grants panel rehearing

Rehearing in banc granted by order
filed September 21, 2000

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4203

ROGER BYRD,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4204

HERMAN JUNIOR BYRD,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4205

CHRISTIAN DEXTER BYRD,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-97-109-V)

Submitted: May 31, 2000

Decided: August 9, 2000

Before WILKINS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard A. Culler, CULLER & CULLER, P.A., Charlotte, North Carolina; Noell P. Tin, Eben T. Rawls, III, RAWLS & DICKINSON, P.A., Charlotte, North Carolina, for Appellants. Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Roger Byrd ("R. Byrd"), Herman Junior Byrd ("H. Byrd"), and Christian Dexter Byrd ("C. Byrd") appeal their convictions and sentences. The Byrds were convicted of one count of conspiracy to possess with intent to distribute and distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. § 846 (1994). H. Byrd and C. Byrd were each convicted of one count of possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. § 841 (West 1999), and 18 U.S.C. § 2 (1994). Finding no reversible error, we affirm.

R. Byrd contends that: (1) his Sixth Amendment right to counsel was violated by the admission of a jailhouse informant's testimony; (2) the evidence was insufficient to sustain his conviction; and (3) he was not given adequate notice of the convictions on which the Government intended to rely in seeking an enhanced sentence. We find that R. Byrd's right to counsel was not violated because there was no evidence that the Government and its informant "took some action, beyond merely listening, that was designed deliberately to elicit

2

incriminating remarks." <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 459 (1986). After viewing the evidence in the light most favorable to the Government, <u>see Glasser v. United States</u>, 315 U.S. 60, 80 (1942), we find that there was sufficient evidence to sustain his conspiracy conviction. <u>See, e.g.</u>, <u>United States v. Banks</u>, 10 F.3d 1044, 1054 (4th Cir. 1993) (conspiracy shown "by [the defendants'] mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market."). We also conclude that R. Byrd was given adequate notice of the convictions relied upon by the Government in seeking an enhanced sentence under 21 U.S.C. § 851 (1994).

H. Byrd contends that: (1) the district court erred by denying his motion to suppress evidence; (2) the district court erred in its determination of the quantity of drugs attributed to him for sentencing purposes; (3) the district court erred by enhancing H. Byrd's sentence based on his possession of a firearm; and (4) his base offense was improperly enhanced on the basis that he was a manager of the conspiracy.

With regard to the admission of evidence seized during a 1991 incident, we find that any error was harmless. <u>See United States v. Ford</u>, 986 F.2d 57, 60 n.2 (4th Cir. 1993) (noting that improperly admitted evidence is reviewed for harmless error). The evidence against H. Byrd was substantial. We accordingly conclude that the verdicts in his case would have been the same even if the evidence seized during the challenged search had been suppressed.

We review the district court's factual findings made at sentencing for clear error. <u>See United States v. Randall</u>, 171 F.3d 195, 210 (4th Cir. 1999). We find that the district court did not clearly err in its determination of the amount of crack cocaine attributed to H. Byrd for sentencing purposes. We also find there was no clear error in increasing H. Byrd's base offense level for possession of a weapon or for his managerial role in the offense.

C. Byrd contends that the district court did not make the requisite factual findings under Rule 32(c)(1) of the Federal Rules of Criminal Procedure in sustaining the Government's objections to the presentence investigation report ("PSR"). "The purpose of this rule is to

3

ensure that a record is made as to how the district court ruled on any alleged inaccuracy in the PSR." United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994). The court does not need to articulate its finding with "minute specificity." Id. (internal quotation omitted). We find that the court complied with Rule 32(c)(1). When it sustained the Government's objections, the court adopted the Government's summaries of trial testimony submitted in support of the Government's objections. See United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994) (by discerning the factual basis for the district court's decision, appellate court can undertake a meaningful review).

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4